IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAY TAYLOR, #466553, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 18-cv-01290-JPG ) |
| CHARLES GERMAINE, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Ray Taylor is currently detained at St. Clair County Jail in Belleville, Illinois. He filed this civil rights action pursuant to 42 U.S.C. § 1983 against an officer at the Jail who allegedly denied him access to legal materials, including photocopies, legal forms, and notary services. (Doc. 1, pp. 1-3). Plaintiff seeks monetary damages from the defendant. *Id*.

Plaintiff failed to pay the $400.00 filing fee for this action or file a properly completed Motion for Leave to Proceed *in forma pauperis* ("IFP motion"). On June 18, 2018, the Clerk of this Court sent Plaintiff a letter instructing him to either prepay the full filing fee or file a properly completed IFP motion within thirty (30) days (on or before July 18, 2018). (Doc. 2). Plaintiff was warned that his failure to do so may result in dismissal of the action. *Id*. Plaintiff missed the initial deadline, and he also failed to request an extension.

Therefore, on July 18, 2018, the Court entered a Notice of Impending Dismissal. (Doc. 3). Plaintiff was given an additional twenty-one (21) days to either pay his filing fee or file an IFP motion, if he intended to proceed with the action. (Doc. 3, p. 2). He was explicitly warned that "**[f]ailure to comply with this Order will result in dismissal of this action for**

1

**want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**" *Id*. (emphasis in original).

To date, Plaintiff has not paid any portion of the filing fee for this action. He has also failed to submit an IFP motion or a trust fund statement to the Court. At least a week has passed since the extended deadline for doing so expired. Plaintiff has not requested another extension. Plaintiff has not communicated with the Court since filing the Complaint on June 18, 2018.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with an Order of this Court (Doc. 3) and failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). Plaintiff incurred the obligation to pay a filing fee for this action when he filed this case, and his obligation to pay the full filing fee survives dismissal of this matter.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with this Court's Order to pay the filing fee for this action on or before the original deadline of July 18, 2018 (Doc. 2), or the extended deadline of August 8, 2018 (Doc. 3). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall <u>not</u> count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $400.00 remains due and payable. *See Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 15, 2018**

                                                          s/J. Phil Gilbert
                                                          **District Judge**
                                                          **United States District Court**